# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 573 | DATE | 4/7/08 |
| CASE TITLE | Enrico Levy # A93734 v. State of Illinois Dept. Of Corrections | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to appeal *in forma pauperis* is denied pursuant to 28 U.S.C. § 1915(g). The court directs the clerk to send a copy of this order to the PLRA staff attorney. Having filed this notice of appeal, the Plaintiff nevertheless remains obligated to pay the full appellate and docketing fees. Before pursuing any future litigation, the Plaintiff must pay any outstanding fees. Any other pending motions are denied as moot. The court construes plaintiff's motion also as his notice of appeal of this court's February 15, 2008 order terminating this case.

■[ For further details see text below.]
Docketing to mail notices.

## STATEMENT

The Plaintiff, Enrico Levy, a state prisoner, has filed a notice of appeal from the court's order of February 15, 2008, entering final judgment in this action. Plaintiff seeks to appeal *in forma pauperis*. The motion must be denied because the Plaintiff has accumulated at least three "strikes." Further, Plaintiff was told by this court that he failed to inform the court that he had struck out. Yet now again, he attempts to submit a motion to proceed in forma pauperis on appeal without informing the court that he has struck out.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of the plaintiff's previous actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Levy v. State of Illinois*, 96 C 4939, dismissed 1/21/97; *Levy v. State of Il.*, 96 C 4705, dismissed 3/10/97; and *Levy v. State of Il.*, 96 C 7799, dismissed 4/22/97. In fact, the court previously advised the Plaintiff that he had "struck out." *See* prior Order in this case. Notwithstanding his knowledge that he is barred from doing so, the Plaintiff has nevertheless sought leave to appeal *in forma pauperis*, and without disclosing his 1915(g) status to the court. Consequently, the plaintiff's effective "fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F. 3d 857 (7th Cir. 1999). However, having brought this action, the Plaintiff remains obligated to pay the full appellate and docketing fees. *See* 28 U.S.C. §1915(b)(1). Before pursuing any future litigation, the Plaintiff must pay any outstanding fees. *Id.* Finally, the court notes that Plaintiff's claims involve conditions at two prisons not located in this court's jurisdiction.

| | Courtroom Deputy Initials: | ste |
|---|---|---|